**Guillermo Cruz TRUJILLO,
Plaintiff–Appellant,**

v.

**GOMEZ, Correctional Officer; Sanchez,
Correctional Officer, Defendants–
Appellees.**

No. 17–15358

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 3, 2017

Guillermo Cruz Trujillo, Crescent City,
CA, pro se.

Before: SILVERMAN, TALLMAN,
and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Guillermo Cruz Trujillo, a California
state prisoner, appeals pro se from the
district court's judgment dismissing his 42
U.S.C. § 1983 action alleging due process
and retaliation claims. We have jurisdiction
under 28 U.S.C. § 1291. We review de
novo. *Hamilton v. Brown*, 630 F.3d 889,
892 (9th Cir. 2011) (dismissal under 28
U.S.C. § 1915A); *Barren v. Harrington*,
152 F.3d 1193, 1194 (9th Cir. 1998) (order)
(dismissal under § 1915(e)(2)(B)(ii)). We
affirm.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed
Trujillo's due process claim because Trujillo had an adequate postdeprivation remedy
under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82
L.Ed.2d 393 (1984) ("[A] ... deprivation of
property by a state employee does not
constitute a violation of the procedural requirements of the Due Process Clause of
the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is
available."); *Barnett v. Centoni*, 31 F.3d
813, 816–17 (9th Cir. 1994) ("California
[l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed
Trujillo's retaliation claim because Trujillo
failed to allege facts sufficient to show that
Trujillo's filing of a grievance was the substantial or motivating factor behind defendants' alleged conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)
(elements of a retaliation claim in the prison context); *see also Brodheim v. Cry*, 584
F.3d 1262, 1271 (9th Cir. 2009) ("To prevail
on a retaliation claim, a plaintiff must show
that his protected conduct was the substantial or motivating factor behind the
defendant's conduct." (citation and internal
quotation marks omitted)).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.